

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1522-11

**JAMES HENRY GELINAS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY**

**KELLER, P.J., filed a concurring opinion.**

I join the Court's opinion. To its cogent refutation of the reasoning in *Hutch*,[1] I would add

the point raised in my dissent in that case: the error in the application part of the jury instructions was

to the defendant's benefit. The application portion of the instructions[2] in *Hutch* essentially told the

jury (incorrectly and to Hutch's benefit) to *disregard* legally obtained evidence. It did not tell the

---

[1] *Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996).

[2] *See* TEX. CODE CRIM. PROC. art. 38.23(a) (second paragraph).

jury what to do if the evidence was illegally obtained.[3] But the abstract portion of the instructions did. It told the jury that illegally obtained evidence was inadmissible, explained to the jury that a police officer could stop someone only if criminal activity was rationally suspected, and set forth the failure to wear seatbelts as the suspected crime that would be the basis of the stop.[4] Considered as a whole, the instructions essentially told the jury that it had to disregard the evidence if it was obtained illegally *or* if it was obtained legally. "[T]he only way the jury could have convicted was by disregarding the erroneous [application] instruction and acting in accord with the rest of the jury charge and the jury arguments."[5]

Similarly, the application portion of the instructions in the present case told the jury (incorrectly and to appellant's benefit) to *disregard* the evidence if the jury determined that it was obtained legally. The application portion of the instructions did not tell the jury what to do if it was illegally obtained. But the abstract portion of the instructions told the jury that illegally obtained evidence was inadmissible, explained to the jury that a police officer could stop someone only if criminal activity was rationally suspected, and set forth a violation of the Transportation Code as the suspected crime that would be the basis of the stop. As in *Hutch*, the application portion of the instructions essentially told the jury that the evidence could not be considered if it was legally obtained, and the abstract portion of the instructions told the jury that the evidence could not be considered if it was illegally obtained. The instructions never told the jury that it should consider illegally obtained evidence. The only rational view of the situation is that the jury, in convicting

---

[3] *Hutch*, 922 S.W.2d at 174-75 (Keller, J., dissenting).

[4] *See id.* at 169 (Court's op.).

[5] *See id.* at 174-75 (Keller, J., dissenting).

appellant, disregarded the erroneous application portion of the instructions.

Filed: May 15, 2013
Publish